### F. L. SMIDTH & CO. v. BONNEVILLE CEMENT CO.

(Circuit Court of Appeals, Third Circuit. February 17, 1902.)

#### No. 32.

PATENTS—ANTICIPATION—TUBULAR BALL MILLS.

  The Davidsen patent, No. 548,115, for improvements in tubular ball mills for pulverization of various materials, is void for anticipation by the British patent to Redfern.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Edwin H. Brown and Louis C. Raegener, for appellant.
Wm. A. Jenner, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. The suit in the court below was brought by F. L. Smidth & Co., for alleged infringement by the Bonneville Cement Company, of United States letters patent to Joseph Davidsen, No. 548,115, for improvements in tubular ball mills for pulverization

of various materials. The bill is in usual form, and sets forth the grant of the letters patent to Davidsen, its assignment to complainant, extensive manufacture thereunder by complainant, infringement by and profit therefrom by defendant, after notice, with the usual prayer for relief. The answer denies infringement, and alleges certain prior patents, notably the United States patents to Close and Robertson, and a British patent to Redfern, as anticipating Davidsen's invention, and invalidating the patent in suit. The record is a voluminous one, setting forth many prior patents referred to by defendant, and the protracted proceedings in the examiner's office as disclosed by the file wrapper, which shows that the complainant's application was seven times rejected on references to prior patents, and was finally granted on an amendment to the claim, with expressed reluctance.

We have carefully examined the record, and the elaborate statements therein made by expert witnesses, who testified for complainant and defendant respectively, and considered the argument of counsel thereupon, and are of opinion that the bill was properly dismissed by the court below. The opinion of the learned judge in that court, deals so clearly and satisfactorily with the questions involved in the case, that a separate opinion by this court would be an unnecessary paraphrase thereof. Referring to that opinion, as reported in (C. C.) 106 Fed. 930, we adopt its reasoning and conclusion.

The judgment of the court below is therefore affirmed.